**Daniel Snyder**, Oregon State Bar No. 78385
Dansnyder@qwest.net
LAW OFFICES OF DANIEL SNYDER
1000 SW. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TAYLOR HELMER, | Case No.      CV '07 - 0 5 1 0 - MO |
| Plaintiff, | **COMPLAINT** |
| v. | (Title VII and pendant state claims) |
| UNITED PARCEL SERVICE, INC., an Ohio corporation, qualified to do business in Oregon, and PAULA VARNEY, | **JURY TRIAL DEMANDED** |
| Defendants. | |

### I. PRELIMINARY STATEMENT

1.      This action is an action for damages and equitable relief, including declaratory

relief, injunctive relief, compensatory damages, and attorneys' fees and costs, to redress violation

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; and of Oregon state law's

Unlawful Employment Practices pursuant to ORS 659A.030; and common law wrongful

termination.

### II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question

Page 1 - COMPLAINT

jurisdiction and 28 U.S.C. §1343, civil rights jurisdiction.

      3.      The plaintiff requests this Court invoke its supplemental jurisdiction pursuant to

28 U.S.C. §1367 with respect to all causes of action based on Oregon statutory provisions or

common law as the state claims arise from the same nucleus of operative facts as the federal

claims.

      4.      All preconditions to jurisdiction under section 706 of Title VII, 42 U.S.C.

§2000e-5(f)(3) have been satisfied and all preconditions to jurisdiction under 42 U.S.C. §2000e-5

have been satisfied.

      (A)      On or about September 20, 2006, the plaintiff filed a charge of employment

discrimination and retaliation with the Oregon Bureau of Labor and Industries (BOLI), case

number EEEMSX060920-11429 for violation of Title VII of the Civil Rights Act of 1964 and

Oregon Unlawful Employment Practice. BOLI co-filed a charge with the Equal Employment

Opportunity Commission (EEOC), case number 38D-2007-00001. Said filings were within 300

days of the alleged employment discrimination against them.

      (B)      BOLI issued a right to sue letter to the plaintiff on January 9, 2007. The EEOC

issued a right to sue letter to the plaintiff on January 17, 2007.

      (C)      The plaintiff filed this complaint within 90 days of receiving the right to sue letter

from BOLI and EEOC.

      5.      Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the

claim arose in this Judicial District.

### III. PARTIES

      6.      The plaintiff is a citizen of the United States. At all relevant times, the plaintiff a

male, worked for the defendant, United Parcel Service, Inc. in Oregon.

Page 2 - COMPLAINT

7.      Defendant United Parcel Service (hereafter "UPS," "United Parcel Service," or "defendant") is an active Delaware corporation, qualified to do business in Oregon.

8.      At all times material, defendant Paula Varney (hereafter "Varney"), was a female employee of defendant UPS. All acts of defendant Varney set forth herein were within the course and scope of their employment with the defendant UPS.

9.      At all material times, defendant UPS employed Michael Terry ("Terry" ) as a supervisor, Richard Morgan ("Morgan") as a manager, and Camille Fournier ("Fournier") as a Manager. All acts of Terry, Morgan and Fournier as set forth herein were within the course and scope of their employment with the defendant UPS.

## STATEMENT OF FACTS

10.      Due to his sex and gender, the plaintiff was subjected to harassment, a hostile work environment, discrimination and retaliation by defendant United Parcel Service. The plaintiff was also subjected to multiple battery incidents by defendants Varney and United Parcel Service.

11.      Beginning in or about Summer 2005, Varney began to make offensive sexual comments to the plaintiff at work including "I want to fuck you" and "you know I don't wear panties." When the plaintiff let Varney know he was not interested, she referred to him as "gay" and a "fag."

12.      Beginning in or about Fall 2005, Varney began touching the plaintiff in private and intimate areas of his body which was offensive to the plaintiff including grasping and rubbing against the plaintiff's buttocks at work. This was un-consented touching of the plaintiff.

13.      In or about Winter 2005, Varney looked at the plaintiff's crotch at work and said to him "get that package off the belt." As the plaintiff then pushed a UPS package toward

Page 3 - COMPLAINT

Varney, she said "why do you have to push packages on my boobies?"

14.     In Spring 2006, Varney walked out of the back of the UPS truck assigned to her with a tampon in her mouth. Looking at the plaintiff, Varney used her hand to move the tampon in and out of her mouth to simulate oral sex.

15.     As the plaintiff was at the time clock, Varney approached the plaintiff with a handful of condoms. Varney handed the plaintiff a yellow condom. Varney also put condoms in all of the slots that are used to store UPS diad devices.

16.     In or around May 2006, while working in the presence of the plaintiff, Varney repeatedly took tube-shaped packages off the belt, placed the tube-shaped packages between her legs, and made a humping motion with the tube packages.

17.     In or around June 2006, Varney, while working, grabbed the plaintiff's penis with her hand, which was not consented to by the plaintiff.

18.     On occasions when the plaintiff would bend over while working near Varney, she made offensive   statements to him such as "While you're down there," and  "You know I've never gotten off before."

19.     In or about the end of June and beginning of July 2006, Varney said to the plaintiff "I want your banana," "where is my banana," " I want your banana in my box," referring to her vagina. These statements offended the plaintiff.

20.     On or about July 11, 2006 the plaintiff complained to UPS supervisor Mike Terry ("Terry") about Varney.

21.     On or about August 1, 2006, after the plaintiff reported Varney's conduct to management, UPS Manager Rick Morgan ("Morgan") came to the plaintiff's work area and took a written statement from the plaintiff about Varney. A coworker, Mike Laird, complained to

Page 4 - COMPLAINT

LAW OFFICES of DANIEL SNYDER
1000 S.W. Broadway
Suite 2400
Portland, Oregon 97205
(503) 241-3617 ● Fax (503) 241-2249

Morgan that Varney was also sexually harassing him.

22.    After the plaintiff reported defendant Varney to UPS management, Varney continued to try to talk to the plaintiff and would frequently curse, swear and make sexual comment to and around the plaintiff. Varney also touched the intimate parts of male coworkers.

23.    On or about December 20, 2006, Varney said to the plaintiff at work "Taylor, you have white stuff on your face by your ear" and "You know you should wipe that off when you're done," implying that the plaintiff had semen on his face.

24.    On or about December 21, 2006, Varney said to the plaintiff at work  "Larry came by and fondled me."

25.    On or about December 21, 2006, the plaintiff witnessed Varney grabbing the buttocks of male coworkers.

26.    On February 21, 2007, Varney approached the plaintiff at work and said "does your zipper come down, or do you have something that holds it up?"

27.    On February 22, 2007, Varney asked the plaintiff at work "what size are your shorts?" Varney then looked down at the plaintiff's crotch and said "you have a string hanging. It looks like your penis.  I would grab it but I can't."

28.    On March 7, 2007, Varney said at work "Was that after you fondled your blowup doll? What was his name?"

29.    On March 7, 2007, Varney said to the plaintiff  "Oh fuck! That is the shitiest [sic] stop on my route. Hey Taylor (the plaintiff), this person has sex parties, and sells dildos.  She told me last week that she sold like $2300.00 in dildos.  That's a lot of cock!"

30.    On or about March 28, 2007, the plaintiff reported to supervisor Mike Terry that sexual harassment by Varney was continuing.

Page 5 - COMPLAINT

31.    On or about March 29, 2007, defendant UPS sent in Morgan to talk to the

plaintiff. Morgan told the plaintiff that UPS had a problem with defendant Varney engaging in

sexual harassment when Matt Paden was Varney's supervisor.

### STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

(Sex and Gender Discrimination - 42 U.S.C. §2000e-2 - UPS only)

Plaintiff realleges paragraphs one through thirty-one as if fully restated herein and further

alleges:

32.    The plaintiff was subjected to harassment, a hostile work environment, and

discrimination based on his sex and gender. This damaged the plaintiff with respect to the terms

and conditions of employment.

33.    As a result of defendant's harassment, hostile work environment and

discrimination against the plaintiff, he suffered emotional harm, emotional pain, suffering,

inconvenience and loss of enjoyment of life and is entitled to compensatory damages in the

approximate amount of $250,000.00, punitive damages, to be more accurately proven at trial.

34.    The plaintiff also seeks declaratory relief that there has been a violation of the

law, injunctive relief to prohibit UPS from further harassing and discriminating against the

plaintiff, and an award of his reasonable attorney fees and costs pursuant to 42 U.S.C. §2000e-5.

### SECOND CLAIM FOR RELIEF

(Retaliation - 42 U.S.C. §2000e-3 - UPS only)

Plaintiff realleges paragraphs one through thirty-one as if fully restated herein and further

alleges:

35.    The plaintiff was subjected to discrimination with respect to the terms and

Page 6 - COMPLAINT

conditions of employment because the plaintiff made sex and gender-based complaints against the defendant, and that defendant changed the terms and conditions of employment based upon plaintiff's complaints of unlawful employment practice by defendant.

36.    After the plaintiff reported Varney's harassment and the battery incidents to supervisor Terry, defendant UPS, through Terry, changed the plaintiff's work assignments and required the plaintiff to do more loading of the trailers than driving. Terry also reprimanded the plaintiff claiming that the plaintiff was creating a hostile work environment for Varney, which was untrue, Morgan reprimanded the plaintiff, and Manager, Camille Fournier, accused the plaintiff of creating a hostile work environment for Varney. Defendant UPS also did not allow the plaintiff to drive a route which was assigned to Varney who had less seniority than the plaintiff. The plaintiff asked Terry what the reason Varney was chosen instead of the plaintiff, and at first, Terry said he could not remember.   The plaintiff has not had any accidents while driving for UPS and Varney has had three accidents while driving for UPS.

37.    As a result of the defendant's discrimination against the plaintiff, she suffered emotional harm, emotional pain, suffering, inconvenience and loss of enjoyment of life and is entitled to compensatory damages in the approximate amount of $250,000.00, punitive damages, to be more accurately proven at trial.

38.    The plaintiff also seeks declaratory relief that there has been a violation of the law, injunctive relief to prohibit UPS from further retaliating against the plaintiff, and an award of his reasonable attorney fees and costs pursuant to 42 U.S.C. §2000e-5.

### THIRD CLAIM FOR RELIEF

(Unlawful Employment Practice - ORS 659A.030(1)(a) and (b) - UPS only).

Plaintiff realleges paragraphs one through thirty-one as if fully restated herein, and further

Page 7 - COMPLAINT

alleges:

39.    The defendant is an "employer" within the meaning of ORS 659A.010(6) and ORS 659A.030.

40.    The plaintiff was subjected to discrimination based on his sex and gender in violation of ORS 659A.030(1).

41.    The plaintiff seeks declaratory relief, injunctive relief and equitable relief requiring the defendant to cease enforcement of its discriminatory policies.

42.    The plaintiff seeks an award of his reasonable attorney fees and costs pursuant to ORS 659A.885(1).

### FOURTH CLAIM FOR RELIEF

(Unlawful Employment Practice - ORS 659A.030(1)(f) - UPS only) .

Plaintiff realleges paragraphs one through thirty-one as if fully restated herein, and further alleges:

43.    The defendant is an "employer" within the meaning of ORS 659A.010(6) and ORS 659A.030.

44.    The plaintiff was subjected to retaliation based on his opposition to defendant's unlawful practice of sex and gender discrimination in violation of ORS 659A.030(1).

45.    The plaintiff was subjected to retaliation based on his opposition and making complaints against the defendant for unlawful employment practices under ORS 659A.030(1).

46.    The plaintiff seeks declaratory relief, injunctive relief, and equitable relief requiring the defendant to cease enforcement of its discriminatory policies.

47.    The plaintiff seeks an award of his reasonable attorney fees and costs pursuant to ORS 659A.885(1).

Page 8 - COMPLAINT

## FIFTH CLAIM FOR RELIEF

(Battery - As against both UPS and Varney)

48.    Plaintiff realleges paragraphs one through thirty-one above as though fully restated herein.

49.    Defendant Varney's conduct on or about the Fall 2005 and June 2006  were unconsented to and intentional torching of the plaintiff which constitutes multiple incidents of battery on the plaintiff.

50.    The plaintiff was offended, shocked, humiliated and insulted by defendant Varney's conduct.

51.    Because defendant Varney was at the time he engaged in the foregoing battery incidents,  acting in the scope of her employment with defendant UPS by performing her ordinary work , defendants are liable to the plaintiff for the damages he has sustained as the result of the battery incidents committed by Varney.

WHEREFORE, the plaintiff prays for judgment as follows against said defendant UPS for declaratory relief, for injunctive relief, for equitable relief and for the sum of $250,000 for his compensatory, non-economic damages, and for his reasonable attorney fees, costs and disbursements, and for such other relief as the Court deems just and equitable.

\\\

\\\

\\\

\\\

\\\

\\\

Page 9 - COMPLAINT

LAW OFFICES of DANIEL SNYDER
1000 S.W. Broadway
Suite 2400
Portland, Oregon 97205
(503) 241-3617 ● Fax (503) 241-2249

WHEREFORE, the plaintiff prays for judgment as follows against defendants Varney and

UPS, jointly and severally, for $100,000 in compensatory damages for battery and for his

reasonable costs and disbursements.

DATED this 6th day of April 2007.

LAW OFFICES OF DANIEL SNYDER

DANIEL SNYDER, OSB No. 78385
Telephone : (503) 241-3617
Facsimile: (503) 241-2249
Email: dansnyder@qwest.net
Of Attorneys for Plaintiff

Page 10 - COMPLAINT